**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
------------------------------------------------------------------------x
                                                  :
In re:                                            :   Chapter 11
                                                  :
HO WAN KWOK, et al.,[1]                           :   Case No. 22-50073 (JAM)
                                                  :
                      Debtors.                    :   (Jointly Administered)
                                                  :
------------------------------------------------------------------------x
                                                  :
LUC A. DESPINS, CHAPTER 11                         :
TRUSTEE,                                           :
                                                  :   Adv. Proceeding No. 24-05252
                      Plaintiff,                   :
                                                  :
v.                                                :
                                                  :
GETTR USA, INC,                                    :
                                                  :
                      Defendant.                   :
------------------------------------------------------------------------x
```

**MOTION OF CHAPTER 11 TRUSTEE FOR ENTRY**
**OF DEFAULT JUDGMENT AGAINST DEFENDANT GETTR USA, INC.**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, made applicable by Rule

7055 of the Federal Rules of Bankruptcy Procedure, and Rule 7055-1 of the Local Bankruptcy Rules

for the District of Connecticut, Luc A. Despins, Luc A. Despins, as the chapter 11 trustee (the

"Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor") respectfully moves

(this "Motion") for entry of default judgment against defendant Gettr USA, Inc (the "Defaulting

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
       for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

Defendant") in substantially the forms annexed hereto as **Exhibit 1** (the "Proposed Order") and **Exhibit 2** (the "Proposed Judgment"):

### RELIEF REQUESTED

1.      By this Motion, the Trustee respectfully requests that this Court enter default judgment against the Defaulting Defendant.

2.      The reasons for the relief requested herein are set forth in the accompanying *Memorandum of Law in Support of Motion of Chapter 11 Trustee for Entry of Default Judgment Against Defendant Gettr USA, Inc* (the "Memorandum of Law"), the *Declaration of Erin Ryan* (the "Declaration"), both of which are being filed concurrently herewith and are incorporated herein by reference.

### JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the District of Connecticut (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference* from the United States District Court for the District of Connecticut.

4.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BASIS FOR RELIEF REQUESTED

5.      In support of this Motion, the Trustee relies upon and incorporates by reference: (i) the *First Amended Complaint of Chapter 11 Trustee Seeking Avoidance and Recovery of Fraudulent Transfers, Unauthorized Postpetition Transfers, and Related Relief Pursuant to Bankruptcy Code Sections 544, 548, 549, and 550 and New York Debtor & Creditor Law Sections 273(a) and 276* [Adv. ECF No. 1] (the "Complaint"); (ii) the Memorandum of Law; and (iii) the Declaration.

**RESERVATION OF RIGHTS**

6. The Trustee reserves his right to introduce evidence in support of the Motion at or prior to a hearing on the Motion, if any. Notwithstanding Rule 5(a)(2) of the Federal Rules of Civil Procedure, made applicable by Rule 7005 of the Federal Rules of Bankruptcy Procedure, the Trustee will serve a copy of this Motion, the accompanying Memorandum of Law, the Declaration on the Defaulting Defendant. In light of the nature of the relief requested herein, the Trustee submits that no other or further notice need be provided.

**NO PREVIOUS REQUEST**

7. No previous request for the relief sought herein has been made by the Trustee to this or any other court.

WHEREFORE, the Trustee respectfully requests entry of default judgment against the defendant, substantially in the form of the Proposed Orders, and such other and further relief as the Court may deem just and proper.

Dated: May 11, 2026          LUC A. DESPINS,
New Haven, Connecticut          CHAPTER 11 TRUSTEE

By: */s/   Erin T. Ryan* _____
    Patrick R. Linsey (ct29437)
    Erin T. Ryan (ct32005)
    Douglas S. Skalka (ct00616)
    NEUBERT, PEPE & MONTEITH, P.C.
    195 Church Street, 13th Floor
    New Haven, Connecticut 06510
    (203) 821-2000
    plinsey@npmlaw.com
    eryan@npmlaw.com
    dskalka@npmlaw.com

    *Counsel for the Chapter 11 Trustee*

3

**<u>EXHIBIT 1</u>**

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-----------------------------------------------------------------------x
                                                     :
In re:                                               :   Chapter 11
                                                     :
HO WAN KWOK, et al.,¹                                :   Case No. 22-50073 (JAM)
                                                     :
                    Debtors.                         :   (Jointly Administered)
                                                     :
-----------------------------------------------------------------------x
                                                     :
LUC A. DESPINS, CHAPTER 11                            :
TRUSTEE,                                              :
                                                     :   Adv. Proceeding No. 24-05252
                    Plaintiff,                        :
                                                     :
v.                                                   :
                                                     :
GETTR USA, INC.,                                     :
                                                     :
                    Defendant.                        :
-----------------------------------------------------------------------x
```

**[PROPOSED] ORDER GRANTING MOTION FOR**
**DEFAULT JUDGMENT AGAINST GETTR USA, INC.**

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure (the "Civil Rules"), made

applicable to this adversary proceeding under Rules 7001 and 7055 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), Luc A. Despins, as the chapter 11 trustee (the

"Trustee") appointed in the chapter 11 case of Ho Wan Kwok (the "Debtor") filed a motion (the

"Motion," ECF No. __) for entry of default judgment against defendant Gettr USA, Inc. (the

---

[1]    The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles
       Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings
       LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address
       for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park
       Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes
       of notices and communications).

"Defaulting Defendant").

The Court has considered the Motion and all exhibits and documents attached to the Motion, including, without limitation, the Trustee's Adversary Complaint [Adv. ECF No. 1] (the "Complaint"), and all exhibits and schedules thereto; the Trustee's Amended Adversary Complaint [Adv. ECF No. 20] (the "Amended Complaint"), and all exhibits and schedules thereto; the Trustee's Memorandum of Law filed in support of the Motion (the "Memorandum of Law"); and the Ryan Declaration filed in support of the Motion;[2] and

The Court held a hearing on the Motion on _____, 2026 (the "Hearing"); and the Court having considered the reasons set forth on the record at the Hearing with no objections filed or made during the Hearing on the Motion; and

The Court having found that: (a) the Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; (b) consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); (c) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (d) due and sufficient notice of the Motion has been given under the particular circumstances and it appearing that no other or further notice need be given; (e) service of the Motion was proper under Civil Rules 4 and 5 as made applicable by Bankruptcy Rules 7004 and 7005 and the Defaulting Defendant was properly served with copies of the Complaint and Summons [Adv. ECF No. 4] under Bankruptcy Rules 7004 and 7005; (f) the default which entered against the Defaulting Defendant under Civil Rule 55 made applicable in this adversary proceeding by Bankruptcy Rule 7055 is an admission of the well-pleaded allegations in the Complaint against the Defaulting Defendant; and (g) the well-pleaded allegations set forth in the Complaint meet the elements of the causes of action on which the Court enters judgment and the Motion and its

---

[2]   Capitalized terms not expressly defined herein adopt the meanings ascribed to them in the Memorandum of Law.

supporting materials establish just cause for the relief granted herein and the Motion has satisfied all applicable legal and factual burdens; and

After due deliberation, considering the foregoing, and for the reasons that the Court stated on the record at the Hearing, it is hereby ORDERED THAT:

The Motion is GRANTED. In accordance with Civil Rules 55(b) and 58(a), made applicable to this adversary proceeding by Bankruptcy Rules 7055 and 7058, a separate default judgment will enter against the Defaulting Defendant.

## EXHIBIT 2

**(Proposed Judgment)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

```
-------------------------------------------------------------------------x
                                                    :
In re:                                              :   Chapter 11
                                                    :
HO WAN KWOK, et al.,¹                               :   Case No. 22-50073 (JAM)
                                                    :
                    Debtors.                        :   (Jointly Administered)
                                                    :
-------------------------------------------------------------------------x
                                                    :
LUC A. DESPINS, CHAPTER 11                          :
TRUSTEE,                                             :
                                                    :   Adv. Proceeding No. 24-05252
                    Plaintiff,                      :
v.                                                  :
                                                    :
GETTR USA, INC,                                     :
                                                    :
                    Defendant.                      :
-------------------------------------------------------------------------x
```

**DEFAULT JUDGMENT**

On _____, 2026, the Court granted the motion of Luc A. Despins, as chapter 11 trustee (the "Trustee") of the estate of Ho Wan Kwok (the "Debtor") for entry of default judgment against defendant Gettr USA, Inc (the "Defaulting Defendant").[2] (*See* ECF No. __). In accordance with Fed. R. Civ. P. 58(a), made applicable to this adversary proceeding pursuant to Fed. R. Bankr. P. 7058, a default judgment hereby enters as follows:

1.      Judgment in the amount of $59,453.40 is hereby GRANTED in favor of the

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

[2]   Capitalized terms not expressly defined herein shall adopt the meanings ascribed to them in the *Memorandum of Law* in support of the Motion.

Trustee and against the Defaulting Defendant on the First Claim of the Complaint. Postjudgment interest on the judgment in the amount of $59,453.40 is awarded at the rate set forth in 28 U.S.C. § 1961 from the date of the entry of this judgment.  Given the specific facts and circumstances of the Debtor's jointly administered Chapter 11 cases and the related adversary proceedings, including this adversary proceeding, the Court, in its discretion,[3] awards prejudgment interest at the prime rate of 8.5% in effect on February 15, 2024 (the date the Original Complaint was filed) through the date of the entry of this judgment.[4]

2.      With respect to First Claim of the Complaint, pursuant to sections 548(a)(1)(A) and 550(a) of Title 11 of the United States Code (the "Bankruptcy Code"):

a.      the Prepetition Transfers, in an aggregate amount of not less than $59,453.40, were made by the Debtor through his alter ego GFNY Inc, with the actual intent to hinder delay, and defraud his creditors;

b.      the Prepetition Transfers are avoided pursuant to Section 548(a)(i)(A) of the Bankruptcy Code;

c.      the Prepetition Transfers are hereby set aside;

d.      at the Trustee's election, pursuant to Section 550(a)(1) of the Bankruptcy Code, the Trustee may recover the Prepetition Transfers or the value thereof, $59,453.40, from the Defaulting Defendant for the benefit of the Debtor's estate; and

e.      judgment on the First Claim of the Complaint, to the extent of the Prepetition Transfer and in the amount of $59,453.40, is entered in favor of the Trustee and against the Defaulting Defendant.

3.      Judgment in the amount of $59,453.40 is hereby GRANTED in favor of the Trustee and against the Defaulting Defendant on the Second Claim of the Complaint. Postjudgment interest on the judgment in the amount of $59,453.40 is awarded at the rate set forth

---

3   *In re Palermo*, 739 F. 3d 99, 106 (2d Cir. 2014); *In re Colonial Realty Corp.*, 226 B.R. 513, 526–27 (Bankr. D. Conn. 1998).

4   *45 John Lofts, LLC v. Meridian Cap. Group, LLC et al.* (*In re 45 John Lofts, LLC*), 650 B.R. 602, 621–22 (Bankr. S.D.N.Y. 2023); *Coan v. Dunne*, No. 3:15-cv-00050 (JAM), 2021 WL 3012678, at *26 (D. Conn. July 15, 2021).

in 28 U.S.C. § 1961 from the date of the entry of this judgment. Given the specific facts and circumstances of the Debtor's jointly administered Chapter 11 cases and the related adversary proceedings, including this adversary proceeding, the Court, in its discretion,[5] awards prejudgment interest at the prime rate of 8.5% in effect on February 15, 2024 (the date the Original Complaint was filed) through the date of the entry of this judgment.[6]

4.      With respect to the Second Claim of the Complaint, pursuant to section 544(b) of the Bankruptcy Code and N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276:

a.      the Prepetition Transfers, in an aggregate amount of not less than $59,453.40, were made by the Debtor through his alter ego GFNY Inc, with the actual intent to hinder delay, and defraud his creditors;

b.      the Prepetition Transfers are avoided pursuant to Section 544(b) of the Bankruptcy Code and N.Y. Debt. & Cred. Law sections 273(a)(1), 274, and 276;

c.      the Prepetition Transfers are hereby set aside;

d.      at the Trustee's election, pursuant to Section 550(a)(1) of the Bankruptcy Code and N.Y. Debt. & Cred. Law section 276, the Trustee may recover the Prepetition Transfers or the value thereof, $59,453.40, from the Defaulting Defendant for the benefit of the Debtor's estate; and

f.      judgment on the Second Claim of the Complaint, to the extent of the Prepetition Transfer and in the amount of $59,453.40, is entered in favor of the Trustee and against the Defaulting Defendant.

5.      Judgment in the amount of $35,599,740.00 is hereby GRANTED in favor of the Trustee and against the Defaulting Defendant on the Third Claim of the Complaint. Postjudgment interest on the judgment in the amount of $35,599,740.00 is awarded at the rate set forth in 28 U.S.C. § 1961 from the date of the entry of this judgment. Given the specific facts and circumstances of the Debtor's jointly administered Chapter 11 cases and the related adversary

---

[5]   *See* cases cited *supra* note 3.
[6]   *See* cases cited *supra* note 4.

3

proceedings, including this adversary proceeding, the Court, in its discretion,[7] awards prejudgment interest at the prime rate of 8.5% in effect on February 15, 2024 (the date the Original Complaint was filed) through the date of the entry of this judgment.[8]

6.    With respect to the Third Claim of the Complaint, pursuant to section 549 of the Bankruptcy Code:

  a.    the Postpetition Transfers, in an aggregate amount of not less than $35,599,740.00, were made by the Debtor through his through his beneficially owned companies Hamilton Opportunity Fund SPC and ACA Capital Group Ltd, and his alter ego GFNY Inc, after the Petition Date;

  b.    when transferred, the Postpetition Transfers constituted property of the Debtor's estate;

  c.    the Postpetition Transfers were not authorized under the Bankruptcy Code or by the Court;

  d.    the Postpetition Transfers are hereby set aside;

  e.    at the Trustee's election, pursuant to Section 550(a)(1) of the Bankruptcy Code, the Trustee may recover the Postpetition Transfers or the value thereof, $35,599,740.00, from the Defaulting Defendant for the benefit of the Debtor's estate; and

  f.    judgment on the Third Claim of the Complaint, to the extent of the Postpetition Transfers and in the amount of $35,599,740.00, is entered in favor of the Trustee and against the Defaulting Defendant.

7.    The Trustee is authorized to take all actions necessary or appropriate to effectuate this judgment. This judgment is effective immediately and the stay provided in Fed. R. Bankr. P. 7062 to execute on and enforce this judgment is not in effect.

8.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this judgment.

---

[7]    *See* cases cited *supra* note 3.
[8]    *See* cases cited *supra* note 4.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

---------------------------------------------------------------------------x
:
In re: : Chapter 11
:
HO WAN KWOK, *et al.*,[1] : Case No. 22-50073 (JAM)
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------------------x
:
LUC A. DESPINS, CHAPTER 11 :
TRUSTEE, :
: Adv. Proceeding No. 24-05252
Plaintiff, :
v. :
:
GETTR USA, INC, :
:
Defendant. :
---------------------------------------------------------------------------x

**CERTIFICATE OF SERVICE REGARDING**
**MOTION FOR DEFAULT JUDGMENT**

The undersigned hereby certifies that on May 11, 2026, the foregoing was filed electronically using the Court's case management/electronic case files system ("CM/ECF"). Notice of the foregoing document was sent at the time of filing to all parties appearing in the above-captioned adversary proceeding automatically via email operation of CM/ECF.

---

[1]   The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as numerous other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation.  The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

In addition, on May 11, 2026, the foregoing was sent via Federal Express and email where applicable to the Defaulting Defendant at the following addresses:

Gettr USA, Inc
3 Columbus Circle
New York, NY 10019
Attn: Officer, Managing or General Agent

Gettr USA, Inc
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

Gettr USA, Inc
c/o C T Corporation System
28 Liberty Street
New York, NY 10005

Justin Weddle
jweddle@weddlelaw.com

Dated: May 11, 2026
         New Haven, CT

By: */s/ Erin T. Ryan*
Patrick R. Linsey (ct29437)
Erin T. Ryan (ct32005)
Douglas S. Skalka (ct00616)
NEUBERT, PEPE & MONTEITH, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510
(203) 821-2000
plinsey@npmlaw.com
eryan@npmlaw.com
dskalka@npmlaw.com

2